IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHA'TEEK BURTON,
    Plaintiff,

v.

JUDGE JOSH W. THACKER, *et al.*,
    Defendants.

Civil Action No.
1:25-cv-07088-SDG

**OPINION AND ORDER**

This case is before the Court on Plaintiff Sha'Teek Burton's emergency motion for a temporary restraining order (TRO) [ECF 1-3]. Defendants have not yet been served. Under Federal Rule of Civil Procedure 65 — with which Burton, though proceeding *pro se*, is required to abide, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) — a TRO may only be issued against an unserved party if both of the following conditions are met:

(A)     specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B)     the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A).

Burton seeks to enjoin a prosecution against him in the State Court of Spalding County, Georgia.[1] There was a hearing scheduled for December 18, 2025, in which the State of Georgia and Burton were ordered to appear and show cause why Burton's current bond conditions should not be modified or revoked.[2] Burton's request to appear at the hearing virtually was denied.[3]

Having reviewed Burton's motion and the supporting documents, the Court concludes that abstention is appropriate under *Younger v. Harris*, 401 U.S. 37 (1971). Though the federal courts have a "virtually unflagging" obligation to hear cases within their subject matter jurisdiction, the *Younger* doctrine "requires a federal court to abstain where a plaintiff's federal claims could be adjudicated in a pending state judicial proceeding." *Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902, 907 (11th Cir. 2023) (quoting *31 Foster Child. v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) and *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)). When a federal lawsuit overlaps with a state criminal prosecution, the federal court considers three factors in determining whether to abstain: (1) is the state proceeding ongoing at the same time as the federal one; (2) does the state proceeding implicate an important state interest; and (3) does the state proceeding provide an adequate

---

[1] *See generally* ECF 1-3.

[2] *Id.* at 44–45.

[3] *Id.* at 62.

opportunity to raise the federal claim. *Id.* at 908 (citing, *inter alia*, *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

When the three *Middlesex* factors are met, "the federal court should abstain and allow the state proceeding to go forward." *Id.* However, the Eleventh Circuit has recognized certain "extraordinary circumstances" in which the federal court should not abstain under *Younger*: "(1) there is evidence [the] state proceedings [are] motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* (quoting *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004)) (alterations in original). The Eleventh Circuit has further distilled the three *Younger* exceptions into two broad categories: proceedings instituted in bad faith and proceedings founded on flagrantly and patently unconstitutional laws. *Id.* at 911.

Burton's claim satisfies the three *Middlesex* factors. The state proceeding is clearly ongoing, as Burton was scheduled for a bond status review on December 18. It is almost axiomatic that the State of Georgia has an important interest in the administration of its criminal laws. *E.g.*, *Wells v. Mulholland*, 739 F. Supp. 3d 1318, 1323 (M.D. Ga. 2024) (citing *Middlebrooks v. Patterson*, No. 4:24-CV-00102-WMR, 2024 WL 2148741, at *3 (N.D. Ga. Apr. 30, 2024)), *aff'd*, No. 24-12535, 2025 WL 1860248 (11th Cir. July 7, 2025); *see also Wilson v. Thompson*, 593 F.2d 1375, 1387 n.21 (5th Cir. 1979) (noting "the traditional reluctance of federal courts to interfere in

the state criminal process and reflects the strong State interests involved in the administration of the criminal law"). As to the third factor, the bond review hearing provides Burton an adequate opportunity to raise his federal claims. *See Pompey v. Broward Cnty.*, 95 F.3d 1543, 1551 (11th Cir. 1996) ("[W]hat matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts, from which a certiorari petition can be filed seeking review on the merits in the United States Supreme Court.") (emphasis in original).

As to the *Younger* exceptions, Burton has not shown that the proceedings against him were instituted in bad faith or founded on flagrantly and patently unconstitutional laws. Bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Leonard*, 61 F.4th at 911 (quoting *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975)). The documents attached to Burton's motion show that his fiancée called police to their home after an alleged altercation, which is the basis for the state prosecution.[4] Even though Burton's fiancée, the alleged victim, has stated her desire that the charges be dismissed,[5] "it is the state, not the victim, that has an interest in criminal prosecutions," and so a prosecutor "has broad discretion in making decisions prior to trial about [whom] to prosecute, what charges to bring, and which sentence to

---

[4] *Id.* at 8–9, 49–51.

[5] *Id.* at 8–13, 54–58.

seek." *Georgia v. Perry*, 261 Ga. App. 886, 887 (2003) (citations omitted). Nor is there any basis to conclude that Burton is being prosecuted using flagrantly and patently unconstitutional laws. While Burton claims that the hearing was set in retaliation for his exercising his constitutional right to petition and seek redress from the courts, the hearing is the venue in which he may seek that redress. While the requirement that he personally appear at the hearing may be inconvenient given his circumstances, there is no indication that the requirement violates his constitutional rights—the order was served to Burton's email (his preferred method of communication) on December 9,[6] giving him eight days to travel from New York to Griffin, Georgia. Indeed, the purpose of a bond is to secure a defendant's appearance in court. *Ayala v. Georgia*, 262 Ga. 704, 705 (1993). Thus, Burton has not shown that any of the exceptions to *Younger* apply.

For all of these reasons, the Court concludes that it must abstain under *Younger* and allow the state proceeding to go forward. Accordingly, Burton's motion for TRO [ECF 1-3] is **DENIED**.

**SO ORDERED** this 5th day of January, 2026.

_____
Steven D. Grimberg
United States District Judge

---

[6]  *Id.* at 37, 46.